**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

DENISE VALERIO

       PLAINTIFF,

v.                              CIVIL ACTION NO.:

SANDESTIN BEACH HOTEL, LTD.
 D/B/A HILTON SANDESTIN BEACH
GOLF RESORT & SPA,

       DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Denise Valerio, (hereinafter referred to as the "Plaintiff" or "Valerio"), by and through her undersigned attorney, and sues the Defendant, Sandestin Beach Hotel, LTD.  d/b/a Hilton Sandestin Beach Golf Resort & Spa, (hereinafter referred to as the "Defendant" or "Hilton Sandestin"), and submits this Complaint which alleges the following:

## INTRODUCTION

1.    Plaintiff brings this action for age discrimination in the terms and conditions of her employment in violation of the Age Discrimination in Employment Act of 1967 (ADEA), and for unpaid overtime pursuant to the Fair Labor Standards

Act, 29 U.S.C. § 201, *et seq,* and Florida Statutes 448.08, Accrued and Unpaid

Wages and/or Commissions.

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to

Section 16(b) of the FLSA, 29 U.S.C. § 216(b); 28 U.S.C. § 1331; 29 U.S.C. §

2617(a)(2) and 28 U.S.C. § 1331.

2.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because

Defendant conducts business throughout this Division and District and a substantial

part of the events and omissions giving rise to the claims occurred in this District

and Division.

3.      Plaintiff was employed by Defendant as a shift lead and cafeteria

attendant preceding the filing of this Complaint and performed work for Defendant

in the State of Florida and in the Northern District of Florida.

4.      During all times material to this complaint, Defendant was Plaintiff's

"employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §

203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29

U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C.

§ 203(s)(1).

5.      During all times material to this Complaint, Plaintiff was an

"employee" of Defendant within the meaning of 29 U.S.C. § 203(d).

6.    Defendant, Sandestin Beach Hotel, LTD. d/b/a Hilton Sandestin Beach Golf Resort & Spa is a full service resort hotel located in Miramar, Florida. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant's business, and moved in interstate commerce.

7.    During the relevant time period, the Defendant employed at least five hundred (500) individuals besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).

8.    Upon information and belief, during the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

9.    Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On June 1, 2022, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202235403) and the United

States Equal Employment Opportunity Commission ("EEOC" No.: 15D202200667).

On November 18, 2022, the FCHR issued a determination pursuant to Fla. Stat. §

760.11(3). Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue

letter from the EEOC which was received on January 23, 2023.

## PARTIES

10.    Plaintiff is a citizen of the State of Florida who resides in Pensacola

and was employed by Defendant as a cafeteria attendant at the time of her

termination.

11.    Defendant, Sandestin Beach Hotel, LTD. d/b/a Hilton Sandestin

Beach Golf Resort & Spa is a full service resort hotel located in Miramar, Florida.

Defendant is a for-profit foreign company licensed to do, and is doing business, in

the State of Florida.

## STATEMENT OF FACTS

12.    Plaintiff is a 63-year-old Caucasian female.

13.    Plaintiff was employed by Defendant as a Picnix Shift Lead and

Cafeteria Attendant from February 6, 2019, until her unlawful termination on

March 8, 2022.

14.    During Plaintiff's employment with Defendant, she performed the

duties and responsibilities of her position in a satisfactory manner.

15.    After Defendant reopened the shop on May 15, 2020 (after the Covid-

19 shutdown in March 2020), the Director of Operations, Angela Covington, decided to hire Crystal Flores (a twenty-four (24) year old female) as the supervisor of the Picnix Market – Deli and Ice Cream Shop, while Plaintiff remained a shift leader.

16.    Plaintiff was told by Angelina Covington that she had to train Crystal Flores and needed to train her the "right way."

17.    At the time, Plaintiff did not know Crystal Flores was to become her supervisor.

18.    Plaintiff has a degree from Johnson & Wales University in Hotel/Restaurant Management and 40+ years' experience in this industry.

19.     Crystal Flores (24 years old) was thirty (30) years Plaintiff's junior and with little to no experience, yet Ms. Covington hired her over Plaintiff and made her the supervisor of the Picnix Market – Deli and Ice Cream Shop, while Plaintiff remained a shift leader.

20.    Plaintiff later transferred to the culinary department as a Culinary Attendant.

21.    Plaintiff worked for Defendant as a cafeteria attendant without incident.

22.    Prior to Plaintiff's termination, she received her first performance review and was informed that all of her marks were excellent and that Plaintiff

would be getting a raise in the coming weeks.

23.   The next week, four (4) new and younger culinary employees were hired, and Plaintiff was terminated shortly after, on March 8, 2022.

24.   While working for Defendant, Plaintiff consistently worked 10-12 hours a day and put in close to sixty (60) hours a week.

25.   During this time Defendant did not allow Plaintiff to take a break, however thirty (30) minutes was regularly deducted from her daily pay.

26.   Defendant was aware that Plaintiff was not allowed or able to leave her assigned work station without a break as she brought this up to both of the Defendant's executive chefs.

27.   Plaintiff even wrote it as a problem on her team member self-evaluation form and nothing was ever done about it.

FIRST CAUSE OF ACTION
*Age Discrimination in Employment Act ("ADEA")*

28.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 11 through 25 and of this complaint with the same force and effect as if set forth herein.

29.   Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

30.   At all times material hereto, Plaintiff was an employee of Defendant

within the meaning of Age Discrimination in Employment Act of 1967 (ADEA).

31.    At all times material hereto, Defendant was an employer within the meaning of Age Discrimination in Employment Act of 1967 (ADEA), as the Defendant employed more than twenty (20) employees.

32.    Defendant violated the Age Discrimination in Employment Act (ADEA), by terminating Plaintiff's employment because of her age.

33.    As a result of the wrongful and unlawful discriminatory actions that lead to her discharge from Defendant's employment, Defendant knew or substantially should have known that its actions were intended to discriminate against Plaintiff because of her age and therefore Plaintiff is entitled to liquidated damages.

34.    Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and is entitled to recovery of reasonable attorney's fees and costs pursuant to Age Discrimination in Employment Act (ADEA).

35.    Plaintiff further requests and is entitled to any and all other relief permitted under the Age Discrimination in Employment Act (ADEA), including equitable relief.

## SECOND CAUSE OF ACTION
### (VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

36.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4 through 9; 12 through 15 and 26 through 29 of this complaint with

the same force and effect as if set forth herein.

37.    As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

38.    Due to the willful, malicious and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

39.    Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

40.    As an employee for Defendant, Plaintiff worked hours in excess of the maximum weekly hours permitted under the FLSA, but was not paid the correct overtime bonus rate for those hours.

41.    Plaintiff does not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

42.    Defendant knew that it was required to pay Plaintiff for all hours worked and at the correct overtime rate.

43.    Pursuant to the FLSA, Plaintiff was entitled to compensation for all hours worked and for the unpaid overtime at a rate of one- and one-half times her regular rate.

44.    Because Defendant's failure to pay such wages was willful pursuant

to 28 U.S.C. § 255(a), Plaintiff is entitled to these wages.

45.    The exact amount of compensation, including overtime compensation that Defendant failed to pay Plaintiff is unknown at this time, as many of the records necessary to make  such precise calculations are in the possession of Defendant or were not kept by them.

46.    The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

47.    Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendant.

48.    Absent Defendant keeping these records as required by law, Plaintiff is entitled to submit her information about the number of hours worked.

49.    Defendant's failure to pay Plaintiff compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

50.    Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay her proper compensation.

51.    Pursuant to the FLSA, Plaintiff was entitled to compensation for all

hours worked and for the unpaid overtime at a rate of one and one half times her regular rate and to properly calculate the regular rate of pay.

52.    Plaintiff is entitled to attorney's fees and costs incurred pursuant to 28 U.S.C. §216(b).

## COUNT II
### *(ACCRUED AND UNPAID WAGES AND COMMISSIONS - FLORIDA STATUTE 448.08)*

53.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 26 through 29 of this complaint with the same force and effect as if set forth herein.

54.    This is an action for unpaid wages pursuant to *FLORIDA STATUTE 448.08.*

55.    Defendant received substantial and valuable benefits from Plaintiff for services rendered while she was employed by Defendant.

56.    In accordance with Florida statute, Plaintiff is entitled to the total and actual wages owed to her for services rendered.

57.    Plaintiff was entitled to compensation for all hours worked and for the unpaid overtime at a rate of one- and one-half times her regular rate and to properly calculate the regular rate of pay.

58.    Under the circumstances of this case, it would be inequitable for Defendant to retain the full amount of benefits conferred upon and realized by it, without payment to Plaintiff for the actual and total wages owed to her.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, request judgment against Defendant as follows:

A.    Declaring the acts and practices complained of herein are violation of the ADEA, FLSA and FLORIDA STATUTE 448.08.

B.    Enjoining and permanently restraining those violations of the ADEA, FLSA and FLORIDA STATUTE 448.08.

C.    Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

D.    Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to the ADEA, FLSA and FLORIDA STATUTE 448.08.

E.    Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADEA, FLSA and FLORIDA STATUTE 448.08.

F.    Award Plaintiff her unpaid wages, including overtime wages, commissions, or other monies owed as to be determined at trial together with any

liquidated damages allowed by law;

G.    Grant judgment against Defendant for all damage, relief, or any other recovery whatsoever;

H.    Award Plaintiff liquidated damages;

I.    Award Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADEA, FLSA and FLORIDA STATUTE 448.08 and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: April 20, 2023.          By: */s/ Clayton M. Connors*
                                     CLAYTON M. CONNORS
                                     Florida Bar No.: 0095553
                                     Email: cmc@westconlaw.com
                                     **THE LAW OFFICES OF**
                                     **CLAYTON M. CONNORS, PLLC**
                                     4400 Bayou Blvd., Suite 32A
                                     Pensacola, Florida 32503
                                     Tel: (850) 473-0401
                                     Fax: (850) 473-1388
                                     Attorney for Plaintiff